**JASON A. RITTEREISER, ESQ.**
OSB No. 211298
Email: jrittereiser@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1607 NE 41st Avenue
Portland, OR 97232
Telephone: (503) 389-1130
Facsimile: (503) 715-3577

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| JAMES COLTRAIN, an individual,<br><br>               Plaintiff,<br><br>   v.<br><br>DENIS MCDONOUGH, Secretary of Veterans Affairs,<br><br>               Defendant. | Case No.: 3:22-cv-01760<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Civil Rights/Unlawful Employment Action; Violations of Title VII, ADEA, Section 1981, and Retaliation Under Federal Law)** |

## I.    INTRODUCTION

1.    Plaintiff JAMES COLTRAIN ("Plaintiff") hereby sets forth his Complaint against DENIS MCDONOUGH, Secretary of Veterans Affairs ("Defendant") for unlawful workplace discrimination based on race under Title VII of the Civil Rights Act of 1964 ("Title VII"); the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991 ("Section 1981"); for unlawful workplace discrimination based on age under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a) ("ADEA"); and for retaliation under Federal Law, 42 U.S.C. § 2000e *et seq.* and other statutes as outlined below.

## II.    PARTIES

COMPLAINT – 1

2.      Plaintiff, James Coltrain, is a citizen of the United States. At all times relevant, he was an Oregon resident residing in Multnomah County. He was employed as a Police Officer GS-083-06 at the VA Portland Health Care System in Portland, Oregon from July 19, 2020, to July 16, 2021.

3.      At all times relevant, the U.S. Department of Veteran Affairs operated medical clinics and centers in Oregon and maintains a police force to provide law enforcement services. The Secretary of the U.S. Department of Veteran Affairs is the head of the U.S. Department of Veteran Affairs and the proper defendant in this matter per 42 U.S.C.A. § 2000e-16(c).

## III.      JURISDICTION AND VENUE

4.      This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(4) (civil rights action) and 42 U.S.C. § 2000e-5(f)(3) (unlawful discrimination and retaliation in employment).

5.      This action has been filed within the applicable statutory time periods.

6.      Plaintiff exhausted his administrative remedies in that he timely filed an EEO complaint and timely moved that complaint forward to a formal EEOC decision without a hearing. This suit is timely as it is filed before more than 90 days had elapsed after the EEOC served its Final Order in the EEOC case number 540-2022-00109X on or about August 18, 2022.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all or substantially all of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## IV.      FACTUAL BACKGROUND

8.      Plaintiff is Black (African American).

9.      Plaintiff was over the age of 40 at the time of the incidents that gave rise to this action.

10.      Plaintiff was employed as a Police Officer GS-083-06 at the VA Portland Health Care System in Portland Oregon from on or about July 19, 2020, to on or about July 16, 2021.

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41st Avenue
Portland, OR 97232
(503) 389-1130

11.     On or about September 22, 2020, Plaintiff emailed his supervisor, Captain Christian Rietman, to inform him that Plaintiff needed to postpone his scheduled Police Officer Standardized Training (POST) training due to health-related issues.

12.     Plaintiff did not receive equal treatment by supervisors or instructors in the manner he was trained.

13.     In lieu of being given proper training, Plaintiff was directed to read training manuals and he had limited practice with the firearms instructors.

14.     Plaintiff was discriminated against on the basis of his race, Black, when he was denied the same opportunities and access to training as other similarly situated officers of a different race.

15.      Plaintiff was discriminated against on the basis of his age, over 40 years old, when he was denied the same opportunities and access to training as other similarly situated officers who were younger than 40 years old.

16.     Plaintiff was not trained properly or treated equally by white firearms instructors and trainers, who were mostly younger than him.

17.     Plaintiff contends that he was not afforded the opportunity to go out to the firearms range or to the firearms simulator to practice.

18.     Plaintiff was given excuses every time he asked to go to firearms training.

19.     Plaintiff verbally informed Captain Rietman several times about this issue but no action was taken in response.

20.     On January 4, 2021, and March 1, 2021, management did not schedule Plaintiff for mandatory police officer training.

21.     On February 9, 2021, Plaintiff received a Notice of Warning – During Probationary Period ("February 9, 2021 Notice of Warning.")

22.     The February 9, 2021 Notice of Warning stated that Plaintiff was not able to pass standard firearms qualifications required for officers.

23.     The February 9, 2021 Notice of Warning stated that Plaintiff was not able to demonstrate that he could pass the Academies Physical Fitness program required for officers.

COMPLAINT – 3

24.     Plaintiff was discriminated against and treated differently because of his race and age based on the information contained in the February 9, 2021 Notice of Warning.

25.     Non-Black recruits, such as Eric Vought (race: Caucasian; age: 40), failed firearms qualification and never received a similar notice of warning.

26.     Plaintiff's trainers and instructors were younger and of a different race than Plaintiff.

27.     Plaintiff's trainers and instructors discriminated against Plaintiff in reporting issues to Plaintiffs supervisors compared to other non-Black and/or younger recruits, resulting in the issuance of the February 9, 2021 Notice of Warning.

28.     On or about February 10, 2021, Plaintiff was discriminated against and treated differently because of his race and age as Plaintiff's tour of duty was changed to four 10-hour shifts 7:00am - 5:00pm, which Defendant knew caused Plaintiff a financial hardship.

29.     Younger, non-Black officers were not similarly requested to change their shifts.

30.     Plaintiff was not afforded opportunities to participate in special projects or ride-along(s) as were younger, non-Black officers.

31.     Plaintiff asked his supervisor, Captain Rietman, if Plaintiff could work on special projects, such as improving detainee and booking procedures, and he was told to wait until after Plaintiff came back from the Law Enforcement Training Academy ("Academy").

32.     Recruit Tim Thurber, non-Black officer who began working in the Police Service after Plaintiff, was allowed to suit up for ride-along(s) and work on special projects without having to wait to come back from the Academy.

33.     Recruit Danial Stutz, a younger, non-Black officer, was also permitted to go on ride-a-longs without having to wait to come back from the Academy.

34.     The refusal to allow Plaintiff to participate in special projects or ride-along(s) impacted Plaintiff's ability to access training and experience necessary for his development as an officer.

35.     Plaintiff was denied the same opportunity to participate in special projects or ride-along(s) based on his race and/or his age.

COMPLAINT – 4

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41st Avenue
Portland, OR 97232
(503) 389-1130

36.     Plaintiff reported to his supervisor (Captain Rietman) on multiple occasions on or before February 23, 2021.

37.     Plaintiff reported the discriminatory conduct in writing on February 23, 2021.

38.     Plaintiff was harassed in response to his reports of discriminatory conduct.

39.     Instances of additional discriminatory conduct and/or harassment include, but are not limited to, the following:

   a.   Sergeant Nathan Overson would physically bump into Plaintiff every time he passed by. On one occasion, Sergeant Overson also yelled at Plaintiff to "Get the fuck out of the office!" for no apparent reason.

   b.   Lieutenant Brett Roth instructed Plaintiff to not take photographs of Plaintiff's targets while at shooting practice. This practice was allowed at the Academy and would assist Plaintiff in improving his targeting.

   c.   Lieutenant Jeremy Zundel, Lieutenant Brett Roth, and Sergeant Jay Boatright would falsify Plaintiff's targeting numbers during marksmanship assessments.

   d.    Major Damon Mancuso inserted false information into Plaintiff's psychiatric review in an attempt to have Plaintiff disqualified from service.

   e.   On multiple occasions, Officer Jonathan Snodderly showed Plaintiff photographs of Ku Klux Klan members while stating that what they did was legal and constitutional at the time.

40.     Plaintiff reported the harassment he received in response to his reports of discriminatory conduct.

41.     Neither Director Darwin Goodspeed nor Chief Houser ever addressed or responded to Plaintiff's complaints about discrimination, harassment and retaliation before Plaintiff's employment was terminated.

42.     On or about February 16, 2021, Plaintiff contacted an EEO Counselor to address the on-going discrimination.

43.     He contends that the responding management officials were aware of his race because he submitted his initial complaint on February 23, 2021, to the EEO office (Bill Winter).

COMPLAINT – 5

44.     Complainant contends responding management officials were aware of his age because he provided age-specific information for his background check as a new officer on January 6, 2020.

45.     Because counseling through the EEO was unsuccessful in resolving Plaintiff's complaint, he filed a formal complaint on or about June 4, 2021.

46.     On July 16, 2021, Plaintiff's employment was terminated during his period of probation and after Defendant learned that Plaintiff had filed a formal EEO complaint on or about June 4, 2021.

47.     Or about July 17, 2021, Plaintiff was given a termination notice ("Termination Notice").

48.     The Termination Notice stated that Plaintiff's employment was being terminated for: a) failure to meet medical/physical standards; and b) privacy violations.

49.     Plaintiff disputes the proffered reasons for his termination that were identified in the Termination Notice.

50.     VA Police Officers provide a full range of police duties by following and executing rules, regulations, or procedures covering laws and rules enforcement, physical and personal security operations, patrol duties, control desk duty, coordination with local courts, and/or crime prevention activities for the local jurisdiction.

51.     VA police officers patrol VA facilities, identify situations where criminal activity has occurred or is about to occur, assess danger and threats, and take proper recourse, including taking statements, making arrests, and conducting short and long-term investigations.

52.     Plaintiff graduated from the Academy and passed all medical/physical standards for the officer position.

53.     Defendant never advised him of the type of privacy violation they believed he committed before deciding to terminate his employment.

54.     In response to Defendant's proffered explanation, Plaintiff recorded an incident with his duty phone but never downloaded any video recording to any personal device.

55.     The privacy office confirmed that Plaintiff did not commit a privacy violation.

COMPLAINT – 6

56.     Plaintiff's employment was terminated in retaliation due to his prior complaints of Defendant's discriminatory practices and for participation in an investigation into systemic racism at the Portland VA.

57.     Defendant's proffered explanations for the discriminatory conduct and for the termination of Plaintiff's employment are unfounded and not factual.

58.     As a result of his unlawful termination because of his race and/or age, Plaintiff has been adversely affected including loss of career, income, and related benefits.

## V.     CAUSES OF ACTION

### Count One: Discrimination Based on Race in

### Violation of Title VII, 42 U.S.C. § 2000e *et. seq.*

59.     Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

60.     Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on race.

61.     Defendant, as an employer, is subject to federal statutes prohibiting discrimination, Title VII, 42 U.S.C. § 2000e *et. seq.*, as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination.

62.     Title VII prohibits discrimination based on race.

63.     Plaintiff is Black (African American).

64.     Defendant and their employees targeted Plaintiff for being Black.

65.     Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff in the workplace when managers and/or employees subjected Plaintiff to disparate terms of employment including, but not limited to, denial of access to required training and/or job opportunities including working on special projects and participating in ride along(s).

66.     Defendant discriminated against Plaintiff by subjecting him to unlawfully disparate, hostile, and otherwise untenable workplace conditions, including: discrimination because of his race, and retaliation for reporting said discrimination to his supervisors.

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41st Avenue
Portland, OR 97232
(503) 389-1130

67.     No other similarly situated persons, not of Plaintiff's protected class were subject to such harsh measures for the same or substantially similar conduct by Defendant.

68.     There may be more detrimental acts about which Plaintiff is unaware, and which may constitute unlawful discrimination against Plaintiff in his workplace.

69.     Plaintiff was duly embarrassed, humiliated, angered, and discouraged by the discriminatory actions taken against him.

70.     Pursuant to 1991 Amendments to Title VII, Plaintiff is entitled to recover punitive damages for Defendant's malicious, intentional repeated violations of federal civil rights laws.

71.     Discrimination based on race has been illegal since 1964 and an employer of the size, reputation and experience of Defendant should have not engaged in this blatant discrimination.

72.     Plaintiff suffered damages in an amount to be deemed sufficient by the jury.

73.     Plaintiff is entitled to an award of reasonable attorney's fees and costs.

74.     Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of his race.

75.     Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

**Count Two: Discrimination Based on Race in Violation of 42 U.S.C. § 1981**

76.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

77.     This claim is for discrimination on the basis of race under 42 U.S.C. § 1981.

78.     Plaintiff is Black (African American).

79.     Plaintiff satisfactorily performed all of his job duties and met all required standards for VA police officers.

80.     Defendant discriminated against Plaintiff by permitting him to be harassed because of his race and ultimately terminating his employment.

COMPLAINT – 8

81.     Defendant's termination of Plaintiff's employment was unwarranted and discriminatory.

82.     By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights and working conditions as white employees, in the performance, enjoyment, continuation, and all benefits and privileges of his employment relationship with Defendant in violation of Section 1981.

83.     Plaintiff suffered damages in an amount to be deemed sufficient by the jury.

84.     Plaintiff is entitled to an award of reasonable attorney's fees and costs.

85.     Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of his race.

86.     Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

### Count Three: Retaliation in Violation of 42 U.S.C. § 1981

87.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

88.     This claim is for unlawful retaliation under Section 1981 for engaging in protected activity by complaining of discrimination under Section 1981.

89.     Plaintiff participated in protected Section 1981 activities by complaining of discrimination based on race.

90.     Plaintiff engaged in a protected activities when he complained, on multiple occasions, of the discriminatory treatment that he was suffering to his supervisors and ultimately the EEO.

91.     Defendant knew of Plaintiff's protected Section 1981 activities.

92.     Defendant, with knowledge of Plaintiff's protected activities, engaged in a purposeful campaign and pattern of materially adverse actions against him, which increased in severity and resulted in his unwarranted discharge from employment.

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41st Avenue
Portland, OR 97232
(503) 389-1130

93.     Plaintiff was qualified for the position that he held when discharged, and he performed his duties satisfactorily throughout his employment with Defendant.

94.     Defendant's termination of Plaintiff's employment was unwarranted and retaliatory.

95.     A causal connection exists between Plaintiff's protected activities and Defendant's unlawful materially adverse employment actions against him.

96.     There is sufficient temporal proximity between Plaintiff's protected activities and his termination from employment.

97.     Plaintiff's protected activities took place from approximately February 2021 until shortly before his employment was terminated in July 2021.

98.     Defendant terminated Plaintiff approximately six (6) weeks after filed a formal EEO complaint on or about June 4, 2021.

99.     Defendant engaged in unlawful, direct, intentional, adverse, retaliatory, and discriminatory employment actions prohibited by Section 1981 against Plaintiff because of protected Section 1981 activities as described in this Complaint.

100.    This intentional unlawful retaliation was created and perpetuated, and/or tolerated by Defendant's officials, managers, and employees.

101.    Plaintiff suffered damages in an amount to be deemed sufficient by the jury.

102.    Plaintiff is entitled to an award of reasonable attorney's fees and costs.

103.    Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally retaliated against Plaintiff because of his race.

104.    Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury

### Count Four: Retaliation under Federal Law, 42 U.S.C. § 2000e-3

105.    Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

COMPLAINT – 10

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41st Avenue
Portland, OR 97232
(503) 389-1130

106.    Defendant retaliated against Plaintiff after he engaged in the protected activity of reporting discrimination in violation of 42 U.S.C § 2000e-3.

107.    Plaintiff engaged in the protected activity of notifying his supervisors and the EEO that he was suffering race and age discrimination in the workplace.

108.    Rather than address Plaintiff's complaints of discrimination, Defendant retaliated against Plaintiff by terminating his employment.

109.    The behavior complained of also constitutes retaliatory harassment and the creation of an illegally hostile environment by Defendant.

110.    Instances of additional discriminatory conduct and/or harassment include, but are not limited to, the following:

      a.    Sergeant Nathan Overson would physically bump into Plaintiff every time he passed by. On one occasion, Sergeant Overson also yelled at Plaintiff to "Get the fuck out of the office!" for no apparent reason.

      b.    Lieutenant Brett Roth instructed Plaintiff to not take photographs of Plaintiff's targets while at shooting practice. This practice was allowed at the Academy and would assist Plaintiff in improving his targeting.

      c.    Lieutenant Jeremy Zundel, Lieutenant Brett Roth, and Sergeant Jay Boatright would falsify Plaintiff's targeting numbers during marksmanship assessments.

      d.    Major Damon Mancuso inserted false information into Plaintiff's psychiatric review in an attempt to have Plaintiff disqualified from service.

      e.    On multiple occasions, Officer Jonathan Snodderly showed Plaintiff photographs of Ku Klux Klan members while stating that what they did was legal and constitutional at the time.

111.    There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff in his workplace.

112.    These actions and conduct by Defendants constitute illegal retaliation which is prohibited by federal statutes.

COMPLAINT – 11

113.    Plaintiff suffered damages in an amount deemed sufficient by the jury.

114.    Plaintiff is entitled to an award of reasonable attorney's fees and costs.

115.    Defendant is guilty of oppression, fraud or malice, express or implied because Defendant knowingly and intentionally retaliated against Plaintiff because he reported discriminatory behavior.

116.    Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendants in an amount deemed sufficient by the jury.

### Count Five: Discrimination in Violation of the ADEA, 29 U.S.C. § 623(a)

117.    Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

118.    Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on age.

119.    Defendant, as an employer, is subject to federal statutes prohibiting discrimination, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a), and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination.

120.    The ADEA prohibits discrimination in the compensation, terms, conditions, or privileges of employment because of an individual's age.

121.    Plaintiff was over the age of 40 at the time of the incidents that gave rise to this action.

122.    Defendant and their employees targeted Plaintiff for being over the age of 40 years old.

123.    Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff in the workplace when managers and/or employees subjected Plaintiff to disparate terms of employment including, but not limited to, denial of access to required training and/or job opportunities including working on special projects and participating in ride along(s).

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41st Avenue
Portland, OR 97232
(503) 389-1130

124.    Defendant discriminated against Plaintiff by subjecting him to unlawfully disparate, hostile, and otherwise untenable workplace conditions, including: discrimination because of his age and retaliation for reporting said discrimination to his supervisors.

125.    No other similarly situated persons, not of Plaintiff's protected class were subject to such harsh measures for the same or substantially similar conduct by Defendant.

126.    There may be more detrimental acts about which Plaintiff is unaware, and which may constitute unlawful discrimination against Plaintiff in his workplace.

127.    Plaintiff was duly embarrassed, humiliated, angered, and discouraged by the discriminatory actions taken against him.

128.    Because Defendant's discriminatory actions against Plaintiff were willful, Plaintiff is entitled to recover liquidated damages.

129.    Plaintiff suffered damages in an amount to be deemed sufficient by the jury.

130.    Plaintiff is entitled to an award of reasonable attorney's fees and costs.

### Count Six: Retaliation in Violation of the ADEA, 29 U.S.C. § 631 et. seq.

131.    Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

132.    Defendant violated 29 U.S.C. § 631 et. seq., by retaliating against Plaintiff because Plaintiff reported discriminatory hiring practices against older applicants.

133.    Defendant engaged in age discrimination in violation of 29 U.S.C. § 631 by subjecting him to unlawfully disparate, hostile, and otherwise untenable workplace conditions, including: discrimination because of his age and retaliation for reporting said discrimination to his supervisors.

134.    Plaintiff specifically reported that his supervisors, trainers and instructors were not treating police officers who were older than 40 years old the same as younger police officers.

135.    Defendant ultimately terminated Plaintiff's employment because Plaintiff was an employee over the age of 40.

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41st Avenue
Portland, OR 97232
(503) 389-1130

136.    Plaintiff may be unaware of additional detrimental acts constituting retaliation in that it harmed him in the workplace.

137.    Due to its illegal actions, Defendant must pay damages in an amount to be determined at trial for back pay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

138.    Because Defendant is guilty of oppression, fraud or malice, express or implied, Defendant must pay Plaintiff an additional amount for the sake of example and by way of punishment.

139.    Plaintiff has had to obtain the services of an attorney to protect his rights and secure compensation for the damages incurred when Defendant violated Plaintiff's civil rights, and therefore, he is entitled to recover reasonable attorney's fees against Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment and decree in his favor and against the Defendants as follows:

1. Awarding Plaintiff an amount sufficient to fully compensate him (including tax consequences) for all economic losses of any kind, and otherwise make him whole in accordance with Title VII, § 1981, and the ADEA;
2. General damages;
3. Special damages;
4. Liquidated damages;
5. An award of compensatory and punitive damages to be determined at trial;
6. Pre- and post-judgment interest;
7. An award of attorney's fees and costs; and
8. Any other relief the court deems just and proper

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41st Avenue
Portland, OR 97232
(503) 389-1130

DATED: November 10, 2022.

HKM EMPLOYMENT ATTORNEYS LLP

*s/ Jason A. Rittereiser*
Jason A Rittereiser, OSB No. 211298
Email: jrittereiser@hkm.com

*Attorneys for Plaintiff James Coltrain*

COMPLAINT – 15